**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **JOHN JOHNSON, #137820** | § | **PETITIONER** |
| | § | |
| **v.** | § | **Civil Action No. 1:14cv444HSO-JCG** |
| | § | |
| **MARSHALL L. FISHER** | § | **RESPONDENT** |

## REPORT AND RECOMMENDATION

BEFORE THE COURT is the Application of John Johnson ["Petitioner"] for Writ of Habeas Corpus [1] pursuant to Title 28, United States Code, Section 2254 filed December 10, 2014.  On February 9, 2015, Marshall Fisher ["Respondent"] filed a Motion to Dismiss [8].  Having considered the Motion, pleadings, records on file, briefs and arguments of the parties, and the relevant legal authority, the undersigned United States Magistrate Judge recommends that the Motion of the Respondent be granted.

## I. FACTS AND PROCEDURAL HISTORY

Petitioner initially challenged his manslaughter conviction and sentence in this Court in *Johnson v. Brewer*, civil action no. 1:13cv39 HSO-RHW.  On October 22, 2013, the Petition filed by James Johnson was dismissed. *See* Order Adopting Report and Recommendation [12] and Final Judgment [13] filed in cause number 1:13cv39 HSO-RHW.

On December 10, 2014, Petitioner filed the instant § 2254 Petition for Writ of Habeas Corpus [1] alleging a Due Process error regarding the miscalculation of his

meritorious earned time ["MET"] by the Mississippi Department of Corrections ["MDOC"]. Petitioner seeks immediate release and requests that this Court: "issue an Order to the MDOC to restore his 379 days that were unlawfully taken." § 2254 Petition [1], p. 2.

On February 9, 2015, Respondent filed a Motion [8] to Dismiss Petitioner's Application for Failure to State a Claim, or Alternatively, for Failure to Exhaust pursuant to 28 U.S.C. § 2254(b)(1)(A). Pursuant to Rule 6 of the Federal Rules of Civil Procedure, Petitioner had until February 26, 2015, to file a response in opposition to the instant Motion to Dismiss.[1]   On February 18, 2015, Petitioner filed a change of address with the Court.[2]   On June 4, 2015, the Court entered an Order [11] to Show Cause requiring Petitioner to file a response to Respondent's Motion to Dismiss, or to show cause why this Court should not grant Respondent's Motion and dismiss his 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus. The deadline for Petitioner to comply with the Court's Show Cause Order was June 24, 2015. To date, Petitioner has failed to comply with the directives set forth in the

---

[1]On February 19, 2015, the Court entered an Order denying, without prejudice, Petitioner's Motion [9] for Extension of Time to File Response to the Motion to Dismiss. Petitioner, despite having been granted leave to reassert a proper Motion, did not file a subsequent motion seeking additional time.

[2]The change of address envelope [10] was mailed from Stone County Correctional Facility and listed the following new address: John Johnson, 2914 Duncan St., Pascagoula, MS 39581.

Court's Show Cause Order [11], or to otherwise contact the Court.[3]

## II. DISCUSSION

### A.   FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

Petitioner claims that he was scheduled for release on August 26, 2014, and "just a few days before his release, his earned time was taken without due process and in violation of equal protection afforded by the Eighth and Fourteenth Amendments." § 2254 Petition [1], at p. 2.   In support of his argument, Petitioner attaches a copy of an MDOC internal correspondence form regarding his sentence computation.  In the memo dated August 27, 2014, MDOC employee Kevin Jackson refers to an ERS date of August 26, 2014, and requests that 379 of Johnson's earned time credits be removed based upon certain administrative computation errors.  *See* MDOC Memo from Kevin Jackson to Linda Holman, att. as Ex. "1" to § 2254 Petition [1-1].

Respondent moves this Court to dismiss the instant Petition on the grounds that Johnson has failed to demonstrate the deprivation of a right secured to him by the United States Constitution or laws of the United States.  Specifically, Respondent asserts that under Mississippi law, the issuance of MET to inmates is at the discretion of MDOC officials, and is not mandatory.  As noted previously,

---

[3]The Acknowledgment of Receipt [12] reflects Plaintiff's signature as the addressee and June 9, 2015, as the date of delivery.

Petitioner has not filed a response to the Motion pending before this Court.[4]

Pursuant to MISS. CODE ANN. § 47-5-142:

(2) Subject to approval by the commissioner of the terms and conditions of the program or project, meritorious earned time may be awarded for the following: (a) successful completion of educational or instructional programs; (b) satisfactory participation in work projects; and (c) satisfactory participation in any special incentive program.

MISS. CODE ANN. § 47-5-142 (2).

The statute as written provides that MET "may be awarded," and, as such, it is discretionary and not mandatory. The "decision whether to award earned time to offenders is left to the discretion of the prison officials, and therefore, the statute affords a prisoner no constitutionally recognized liberty interest." *Brister v. Epps*, No. 3:12CV201 JMR, 2013 WL 5705662, at *3 (S.D. Miss. Oct. 18, 2013) (citing *Scales v. Miss. State Parole Bd.*, 831 F.2d 565, 566 (5th Cir. 1987)); *see also See Wansley v. Mississippi Dep't of Corr.*, 769 F.3d 309, 312 (5th Cir. 2014); *Smith v. Mississippi Parole Bd.*, 478 F. App'x 97, 99 (5th Cir. 2012); *Irving v. Thigpen*, 732 F.2d 1215, 1217 (5th Cir.1984).

The instant Petition fails to state a claim upon which this Court can properly grant relief. In accord with established precedent, the undersigned recommends that the Respondent's Motion to Dismiss for Failure to State a Claim be granted.

_____

[4]It is noteworthy that a copy of Petitioner's Inmate Sentence Computation Record, attached to Respondent's Motion to Dismiss, reflects an ERS date of February 20, 2015, for John Johnson. *See* Inmate Sentence Computation Record for John Johnson, att. as Ex. "B" to Mot. to Dismiss [8-2]. In addition, the MDOC website indicates that Petitioner John Johnson [#137820] is currently on Earned Release Supervision.

-4-

B.   U̲n̲d̲e̲r̲l̲i̲n̲e̲d̲ FAILURE TO EXHAUST

Absent a finding that the instant Petition fails to state a claim upon which relief can be granted, alternatively, the record demonstrates that Petitioner's claims are procedurally barred for failure to exhaust state court remedies.

Petitioner claims that he filed a grievance on September 1, 2014, "via the A-zone mailbox which was never responded to, exhausting his state remedies." § 2254 Petition [1] at p. 2. Respondent submits that after inquiring with MDOC officials, there is no record of Petitioner Johnson filing a grievance through the Administrative Remedies Procedure ["ARP"]. Mot. to Dismiss [8] at p. 6. Respondent further contends that "should Johnson choose to file such a claim, that claim must be pursued through the appropriate process of the ARP and thereafter, upon completion of the program and receipt of the appropriate certificate, Johnson may appeal the matter to the circuit court and the state's highest court within the time period stated." Mot. to Dismiss [8] at p. 6

In order for this Court to grant habeas relief, a Petitioner must first exhaust all of his claims in state courts. *Sterling v. Scott*, 57 F.3d 451, 453 (5th Cir. 1995), *cert. denied*, 116 S.Ct. 715 (1996).

Pursuant to 28 U.S.C. § 2254, as amended:

(b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –

(A) the applicant has exhausted the remedies available in the courts of the State; or

(B)(i) there is an absence of available State corrective process; or

> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254.

In order to satisfy the exhaustion requirement of § 2254(b)(1), a "habeas petitioner must have fairly presented the substance of his claim to the state courts." *Nobles v. Johnson,* 127 F.3d 409, 420 (5th Cir. 1997).

Additionally, § 2254(c) provides as follows: "[a]n applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented."  28 U.S.C. § 2254(c). Mississippi law clearly provides for Administrative Remedies Procedures.  The law permits any prisoner, if unsatisfied with the result, to seek judicial review by appealing the ARP's decision to the appropriate circuit court (in the county where he is incarcerated) and, ultimately, to the Mississippi Supreme Court. *See* MISS. CODE ANN. § 47–5–807. Federal courts have heretofore dismissed applications for habeas relief where a Petitioner has failed to comply with the ARP procedures under Mississippi law:

> Petitioner has an available procedure to challenge MDOC's calculation of his sentence with the state courts of Mississippi. *See e.g., Stokes v. State,* 984 So. 2d 1089 (Miss. Ct. App. 2008)(inmate appealed MDOC's denial of administrative remedy regarding calculation of his sentence); *Horton v. Epps,* 966 So. 2d 839, 840-41 (Miss. Ct. App. 2007)(county of incarceration found to be proper venue for inmate's claim that he was entitled to trusty earned time); *Guy v. State,* 915 So. 2d 508, 510 (Miss. Ct. App. 2005)(inmate contested computation of time which would allow

early release); *Hill v. State,* 838 So. 2d 994, 996-98(Miss. Ct. App. 2003)(inmate allowed to maintain claims regarding alleged miscomputation of sentence credits); *Lee v. Kelly,* 2010 WL 522696 (Miss. Ct. App. Feb. 16, 2010)(inmate challenged MDOC's computation of sentence and eligibility for release). Since Petitioner clearly states that he has not pursued his claims, in any form, with the state courts, this habeas corpus petition will be dismissed, without prejudice, for failure to exhaust his available state remedies.

*Finch v. Mississippi Dep't of Corr.*, 2010 WL 3000017, at *2 (S.D. Miss. July 26, 2010).

In *Bradley v. Byrd,* 2009 WL 2606241 (S.D. Miss. Aug. 19, 2009), Petitioner's habeas application was dismissed for failure to exhaust because Petitioner failed to submit his claim that he was entitled to earned time credit before the Mississippi Supreme Court. *Id*. at *3. Similarly in *Davis v. Caskey,* 2008 WL 5117547 (S.D. Miss. Nov. 20, 2008), Petitioner "failed to fulfill his administrative remedies and did not seek review of [his claim that the MDOC failed to give him credit for time served] in state court, he . . . failed to exhaust his state remedies." *Id*. at *2. Petitioner was therefore procedurally barred from pursuing his claim in federal court. *Id*.

The record before the Court indicates that Petitioner has not availed himself of the ARP procedures pursuant to Mississippi law. Therefore, the undersigned is of the opinion that Respondent's Motion can alternatively be granted on the grounds that Petitioner has failed to exhaust his claim regarding the alleged miscomputation of his MET.

### III. RECOMMENDATION

Having considered the Motion, the record, and the relevant legal authority, the undersigned United States Magistrate Judge is of the opinion that Respondent's Motion [8] is well taken and should be **GRANTED**.  The Application for Writ of Habeas Corpus [1] filed by Petitioner James Johnson pursuant to 28 U.S.C. § 2254 should therefore be **DISMISSED**.

### IV. NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Local Uniform Civil Rule 72(a)(3),

> After service of a copy of the magistrate judge's report and recommendations, each party has fourteen days to serve and file written objections to the report and recommendations. A party must file objections with the clerk of court and serve them upon the other parties and submit them to the assigned district judge.  Within seven days of service of the objection, the opposing party or parties must either serve and file a response or notify the district judge that they do not intend to respond to the objection.

L.U.Civ.R. 72(a)(3); *see* 28 U.S.C. § 636(b)(1).

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects.  The District Judge need not consider frivolous, conclusive, or general objections.  A party who fails to file written objections to the proposed findings, conclusions, and recommendations within fourteen (14) days of being served a copy shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which he did not object.  *Douglass v. United*

*Servs. Automobile Assoc.,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

**SO ORDERED AND ADJUDGED**, this the 1st day of July, 2015.


*s/ John C. Gargiulo*
JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE