IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| JOHN JOHNSON, # 137820 | § | PETITIONER |
| | § | |
| v. | § | CIVIL NO.: 1:14cv444-HSO-JCG |
| | § | |
| MISSISSIPPI DEPARTMENT OF CORRECTIONS, and MARSHALL L. FISHER | § § § | RESPONDENT |

**ORDER ADOPTING [13] REPORT AND RECOMMENDATION, GRANTING [8] MOTION TO DISMISS, AND DISMISSING [1] PETITION FOR WRIT OF HABEAS CORPUS**

BEFORE THE COURT is the Report and Recommendation [13] of United States Magistrate Judge John C. Garguilo entered on July 1, 2015. Petitioner John Johnson ("Petitioner") seeks immediate release from the custody of Mississippi Department of Corrections ("MDOC") claiming that his due process rights were violated when the MDOC revoked 379 days of meritorious earned time which had been incorrectly credited to Petitioner.[1]  Pet. 1-2 [1]. Also before the Court is Respondent Marshall L. Fisher's ("Respondent") Motion to Dismiss Petition for Writ of Habeas Corpus [8] on grounds that Petitioner has failed to demonstrate the deprivation of a right secured to him by the United States Constitution or laws of the United States because Petitioner lacks a due process interest in the receipt of meritorious earned time. Mot. to Dismiss 3 [8]. Respondent alternatively seeks

---

[1] The MDOC was initially named Respondent in this case, but the Court substituted Marshall L. Fisher as Respondent pursuant to Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Court. *See* Order Directing Respondent to Answer 1 [5].

dismissal of the Petition on grounds that Petitioner has failed to exhaust the state court remedies available to him. *Id.* at 4-5.

To date, no objection to the Report and Recommendation [13] has been filed by Petitioner.[2] Where no party has objected to a magistrate judge's report and recommendation, a court need not conduct a de novo review of it. *See* 28 U.S.C. § 636(b)(1) ("[A] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made."). In such cases, a court need only review the proposed findings of fact and recommendation and determine whether it is either clearly erroneous or contrary to law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

Having conducted the required review, the Court finds that the Magistrate Judge's Report and Recommendation [13] thoroughly considered all issues and is neither clearly erroneous nor contrary to law. The Court, being fully advised in the premises, finds that the Magistrate Judge properly recommended that the Motion to Dismiss [8] should be granted for failure to state a claim or, alternatively, for failure to exhaust available state court remedies. Report and Recommendation 3-7 [13]. The Report and Recommendation will be adopted as the opinion of this Court, Respondent's Motion to Dismiss will be granted, and the Petition for Writ of Habeas Corpus [13] will be dismissed.[3] Accordingly,

---

[2] The record reflects that the Report and Recommendation [13] was received at Petitioner's address of record on July 14, 2015, and the Acknowledgment of Receipt was filed of record in this case on July 15, 2015. Acknowledgment [14].

[3] This same result obtains even if Petitioner's February 26, 2015, Motion to Amend [7] were granted. Petitioner's Motion [7] seeks to amend his Petition to add as an exhibit a copy of

**IT IS**, **THEREFORE**, **ORDERED AND ADJUDGED** that the Report and Recommendation [13] of Magistrate Judge John C. Garguilo entered on July 1, 2015, is **ADOPTED** as the opinion of this Court.

**IT IS**, **FURTHER**, **ORDERED AND ADJUDGED** that Petitioner John Johnson's Motion to Amend [7] is **DENIED**,

**IT IS**, **FURTHER**, **ORDERED AND ADJUDGED** that Respondent Marshall L. Fisher's Motion to Dismiss [8] is **GRANTED** and the Petition for Writ of Habeas Corpus [1] is **DISMISSED**.

**SO ORDERED AND ADJUDGED**, this the 3rd day of August, 2015.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE

---

correspondence sent by the Mississippi Department of Corrections to a fellow inmate and which purportedly reflects that the fellow inmate also had credits taken "exactly as" Petitioner's credits were allegedly taken. Mot. to Amend 1 [7]. This proposed amendment would have no effect on the Court's finding that Petitioner has failed to state a claim or, alternatively, Petitioner has not exhausted the administrative remedies available to him. The Motion to Amend [7] will be denied.

3